UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

                                          File No.  1:06-CR-295

v.

                                          HON. ROBERT HOLMES BELL

MARIOUS DELANO TAYLOR,

        Defendant.
                                          /

## **O P I N I O N**

This matter is before the Court on Defendant Marious Delano Taylor's motion to suppress evidence seized pursuant to a search warrant and request for an evidentiary hearing. (Docket #22.) On December 5, 2006, Defendant, Marious Delano Taylor, was indicted for being a felon in possession of a firearm on or about September 1, 2006. The firearm was discovered in the course of a search of Defendant's home on August 31, 2006. The search on August 31 was conducted pursuant to a search warrant issued by Judge Benjamin H. Logan II, of the 61st District Court. Defendant moves to suppress the evidence seized during the search, including the firearm. Defendant contends that the evidence should be suppressed because the affidavit used to obtain the warrant does not provide a substantial basis for finding probable cause. Defendant also seeks an evidentiary hearing because Defendant alleges that the affidavit contains intentionally false material statements. For the reasons that follow, Defendant's motion to suppress and request for an evidentiary hearing are denied.

I.

On August 31, 2006, Police Officer Maureen O'Brien of the Grand Rapids Police Department completed an affidavit seeking a search warrant for a house at 524 Coit Avenue N.E., Grand Rapids, Michigan.  (O'Brien Aff., Def.'s Br. in Supp. of Mot. to Suppress, Docket #23, Ex. A.)  The affidavit set forth Officer O'Brien's experience as a police officer, particularly her experience investigating narcotics violations.  In the course of investigating narcotics violations Officer O'Brien met informant 1523.

In the affidavit Officer O'Brien stated that informant 1523 advised her that cocaine could be purchased from 524 Coit Avenue, N.E.  Officer O'Brien further stated that the informant had seen drugs in the house within the last 48 hours.  Lastly, Officer O'Brien stated that the informant indicated that the cocaine was being offered for sale by Marious Taylor.

Officer O'Brien's affidavit also includes several statements related to the reliability of informant 1523.  First, Officer O'Brien stated that the informant has made four controlled purchases of controlled substances.  Second, Officer O'Brien stated that the informant has provided information about five other drug traffickers and Officer O'Brien has independently verified that information.

Based on Officer O'Brien's affidavit, a search warrant was issued for 524 Coit Avenue, N.E., at 7:05 p.m. on August 31, 2006.  The search warrant was executed at around 11:15 p.m. on August 31.  Defendant was not home at the time that the warrant was executed.

II.

**A. Validity of the Search Warrant**

Defendant argues that the search warrant was invalid because the affidavit does not provide a substantial basis for finding probable cause. "'Probable cause exists where there is a fair probability, given the totality of the circumstances, that contraband or evidence of a crime will be found in a particular place.'" *United States v. Wagers*, 452 F.3d 534, 538 (6th Cir. 2006) (quoting *United States v. Helton*, 314 F.3d 812, 819 (6th Cir. 2003)). "A court must look to the 'totality of the circumstances,' including a confidential informant's 'veracity, reliability, and basis of knowledge,' in order to answer 'the commonsense, practical question' of whether an affidavit is sufficient to support a finding of probable cause." *United States v. May*, 399 F.3d 817, 822 (6th Cir. 2005) (quoting *Illinois v. Gates*, 462 U.S. 213, 230 (1983)). The Supreme Court has explained that:

> affidavits for search warrants . . . must be tested and interpreted by magistrates and courts in a commonsense and realistic fashion. They are normally drafted by nonlawyers in the midst and haste of a criminal investigation. Technical requirements of elaborate specificity once exacted under common law pleadings have no proper place in this area. A grudging or negative attitude by reviewing courts toward warrants will tend to discourage police officers from submitting their evidence to a judicial officer before acting.

*United States v. Ventresca*, 380 U.S. 102, 108 (1965).

The standard of review for determining whether an affidavit was sufficient to support the issuance of a search warrant "'is whether the magistrate had a substantial basis for finding that the affidavit established probable cause to believe that the evidence would be found at

3

the place cited.'"  *United States v. Rodriguez-Suazo*, 346 F.3d 637, 643 (6th Cir. 2003) (quoting *United States v. Davidson*, 936 F.2d 856, 859 (6th Cir. 1991)).  "[T]he 'magistrate's determination of probable cause is afforded great deference,' and should only be reversed if arbitrarily made."  *United States v. Lattner*, 385 F.3d 947, 952 (6th Cir. 2004) (quoting *United States v. Greene*, 250 F.3d 471, 478 (6th Cir. 2001)).  "Courts should review the sufficiency of an affidavit underlying a search warrant in a commonsense, rather than hypertechnical, manner."  *United States v. Miller*, 314 F.3d 265, 269 (6th Cir. 2002) (citing *United States v. Pelham*, 801 F.2d 875, 877 (6th Cir. 1986)).

Defendant argues that the affidavit does not provided a substantial basis for finding probable cause.  In support of this argument Defendant notes the omission of the following information, which relates to the basis for the informant's knowledge: (i) how the informant came to be at Defendant's house, (ii) the form of cocaine the informant saw being sold, (iii) the amount of cocaine transacted in the informant's presence, and (iv) the amount paid for the cocaine transacted in the informant's presence.  Defendant also notes that no effort was made to corroborate the information that the informant provided about Defendant.  The government responds that the affidavit indicates that the informant was present and personally observed the drug activity.  The government further argues that no additional corroboration was necessary because the informant had previously demonstrated reliability.

"'Sixth Circuit precedent clearly establishes that the affiant need only specify that the confidential informant has given accurate information in the past to qualify as reliable.'"

4

*May*, 399 F.3d at 826 (quoting *Greene*, 250 F.3d at 480); *accord United States v. Helton*, 314 F.3d 812, 821 (6th Cir. 2003). In support of the informant's reliability, Officer O'Brien stated that the informant provided information on five other drug traffickers and that she had independently verified that information. Officer O'Brien also indicated that the informant had previously participated in four controlled purchases of controlled substances. These facts provided the issuing judge with the predicate for the affiant's statement that the informant was reliable.

If the informant has previously provided reliable information, then "[t]he affidavit need not include a detailed factual basis for [the affiant]'s statement in order to support the judge's finding of probable cause." *May*, 399 F.3d at 826 (citing *Greene*, 250 F.3d at 480). As the affidavit indicates that the informant had previously provided reliable information, the issuing judge could properly issue the warrant without the detailed statements that Defendant asserts were necessary. The issuing judge had the information necessary to consider the confidential informant's veracity, reliability and basis of knowledge. *May*, 399 F.3d at 822.

The affidavit identified the contraband and the context in which the informant had seen the contraband. The affidavit also adequately describes what was being sought in relation to what was observed by the informant. Based on these statements and the predicate for the informant's reliability, the issuing judge clearly had a substantial basis for finding that Officer O'Brien's affidavit established probable cause to believe that the identified

5

contraband would be found at 524 Coit Avenue, N.E. Therefore, Defendant's motion to suppress the evidence seized during the search is denied. As the Court has found that the search warrant was valid, the Court does not need to reach the question of whether the police relied on an invalid warrant in good-faith.

**B. Defendant's Request for an Evidentiary Hearing under *Franks v. Delaware***

Defendant also challenges the statements that the informant made to Officer O'Brien and which Officer O'Brien related in her affidavit. Defendant argues that no one could have observed him at his house in the relevant time period, thus the affidavit was based on intentionally or recklessly false information.

"When a defendant attempts to show that an affidavit for a search warrant contained false information, the defendant must make a 'substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause,' the court must conduct a hearing on the issue upon the defendant's request." *Rodriguez-Suazo*, 346 F.3d at 648 (quoting *Franks v. Delaware*, 438 U.S. 154, 155-56 (1978)). "The intentionally or recklessly false statement must be made by the affiant herself, not the non-governmental informant." *Id.* (citing *Franks*, 438 U.S. at 171). At the hearing the court "must strike from the warrant affidavit statements that the defendant can prove by a preponderance of the evidence to be both (a) materially false and (b) made with reckless or intentional disregard for their falsity." *United States v. Elkins*, 300 F.3d 638, 649

6

(6th Cir. 2002). "If the redacted affidavit, purged of recklessly and materially false statements, no longer establishes probable cause, then the court must hold the resulting search warrant invalid." *Id.* (citing *Franks*, 438 U.S. at 155-56).

Defendant has provided an affidavit in support of his substantial preliminary showing. (Taylor Aff., Def.'s Br. in Supp. of Mot. to Suppress, Ex. B.)  Defendant challenges the statement that the informant saw Defendant at Defendant's house sometime in the forty-eight hours prior to Officer O'Brien signing the affidavit on August 31, 2006.  Defendant states that on August 29 and 30, 2006, he was not at his house, but instead was in South Haven, Michigan. (*Id.* at ¶9.)  Defendant also questions the veracity of the informant's description based on the fact that Defendant is 220 pounds, but the informant described him as being 165 pounds.  (*Id.* at ¶12.)

Defendant's motion and affidavit present a narrow factual challenge to Officer O'Brien's affidavit.  Defendant asserts that the affidavit contains false statements because he was not at his house on August 29 and 30.  There are two reasons why Defendant's contention is insufficient to meet Defendant's burden of making a substantial preliminary showing.  First, even if Defendant's statement is true, it does not necessarily follow that the affidavit contains a false statement.  The affidavit is not necessarily false because the affidavit only indicates that the cocaine was being sold by someone who "is/are described as . . . Marious Taylor . . . ."  (O'Brien Aff. 2.)  Officer O'Brien's affidavit and Defendant's affidavit could both be true, because the informant could have observed another person at

7

Defendant's house.  Second, if the statement in Officer O'Brien's affidavit is false, Defendant has not explained why Officer O'Brien knew or should have known that the statement was false.  As the Sixth Circuit has explained the "false statement must be made by the affiant herself, not the non-governmental informant."  *Rodriguez-Suazo*, 346 F.3d at 648 (citing *Franks*, 438 U.S. at 171);  *accord Mays v. City of Dayton*, 134 F.3d 809, 816 (6th Cir. 1998) ("*Franks* recognizes that information an affiant reports may not ultimately be accurate, and is willing to tolerate such a result at that early stage of the process, so long as the affiant believed the accuracy of the statement at the time it was made." (citing *Franks*, 438 U.S. at 165)).  The Court therefore concludes that Defendant has not made the required substantial preliminary showing that a false statement was included by the affiant.  The Court therefore denies Defendant's request for an evidentiary hearing.

### III.

For the foregoing reasons, Defendant's motion to suppress evidence seized pursuant to a search warrant and request for an evidentiary hearing are denied.  An order will be entered consistent with this opinion.


Date:   February 22, 2007              /s/ Robert Holmes Bell
                                       ROBERT HOLMES BELL
                                       CHIEF UNITED STATES DISTRICT JUDGE